**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 537 EAL 2015 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the **Unpublished Memorandum and** |
| v. | : | **Order** of the Superior Court at No. 3176 |
| | : | EDA 2014 exited August 31, 2015, |
| | : | **affirming** the Order of the Philadelphia |
| KYLE J. WILLIAMS, | : | County Court of Common Pleas at No. |
| | : | CP-51-CR-0401451-2005 exited |
| Petitioner | : | October 31, 2014 |

## ORDER

**PER CURIAM**

     **AND NOW**, this 1st day of March, 2016, the Petition for Allowance of Appeal is **GRANTED** on a limited basis, solely pertaining to the issue of whether Petitioner's sentence violates the prohibition against mandatory life sentences for juvenile offenders announced by the Supreme Court of the United States in *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012). As a result of the recent holding by that Court that *Miller* must be applied retroactively by the States, *see Montgomery v. Louisiana*, 2016 WL 280758 (U.S. Jan. 25, 2016), the Superior Court's order is **VACATED**, and the case is **REMANDED** for further proceedings consistent with *Montgomery*. Allocatur is **DENIED** in all other respects.

     To the extent necessary, leave is to be granted to amend the post-conviction petition to assert the jurisdictional provision of the Post Conviction Relief Act extending to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive. *See* 42 Pa.C.S. §9545(b)(1)(iii).

     Justice Eakin did not participate in the consideration or decision of this matter.